ANSON W. ALDRICH v. HENRY B. LYMAN.

A promise to pay a sum certain in consideration of a reciprocal promise to contribute a larger sum towards a contingent liability, in a negotiation interesting to both parties, is supported by a sufficient consideration.

Where both counts of a declaration relate to the same cause of action, and one is good and the other bad, a verdict for entire damages on the whole declaration will be supported, upon motion in arrest, by being applied to the good count.

MOTION in arrest of judgment. The declaration, which was in assumpsit, contained two counts. The *first* count alleged, " that whereas the plaintiff was, on the 22d day of April, A. D. 1854, possessed of a certain lot of land, situated in the westerly part of the city of Providence, and the defendant, with one George S. Rathbone was, on the same day, possessed of another lot of land adjoining thereto ; and whereas the ownership of a third lot of land adjoining the two above mentioned was in controversy at the same time between Josiah Westcott and Catharine A. Westcott, on the one hand, and Earl Carpenter, trustee under the will of Mary Carpenter, Job Carpenter, Henry G. Carpenter, Henry Tilden, and Catharine A. Tilden, heirs and next of kin of Mary Ann Carpenter, deceased, on the other hand ; and whereas the city of Providence had agreed to give the sum of seventy-five thousand dollars, in gross, for a lot of land for the site of a city hall, which included and embraced all the lots above mentioned, with other land; and whereas, Earl Carpenter, and the others with him above mentioned, were willing and agreed, in the event that the title of said third lot above mentioned was finally declared to be with them, to receive in full satisfaction of all their interest and estate therein, of said seventy-five thousand dollars, the sum of thirty-three hundred and fifty dollars, leaving the balance to be distributed among the other owners of said land as might be agreed, whereas, the said Westcotts, in the event that the title in the same lot should be decided to be in them, demanded of said sum of seventy-five thousand dollars, the sum of forty-two hundred and fifty dollars, for said land ; in consideration of all which, it was agreed by and between the said defendant and the plaintiff,

that he, the said defendant, would pay to the plaintiff the sum of *two hundred and fifty* dollars, parcel of said sum of *nine hundred* dollars, difference between the two sums of $3,350 and $4,250 above stated, if he, the said plaintiff, would assume the risk of contributing the sum of $550 for the same purpose, in the event that the title to the said lot should be found to be in the said Westcotts, which the said plaintiff then and there agreed to do; in consideration of which undertaking on the part of the plaintiff, and the incurring by him of the liability and risk above mentioned, he, the said defendant, then and there, at said Providence, to wit: on the 23d day of March, A. D. 1855, promised the plaintiff to pay him the sum of two hundred and fifty dollars on demand. And the plaintiff avers that he has done and performed all things on his part in reference to said agreement to be done and performed, yet the said defendant, though often requested, has not paid said sum or any part thereof, but refuses to pay the same."

The *second* count alleged, "that the defendant, at said Providence, to wit, on the 22d day of March, A. D. 1855, in consideration that the plaintiff would incur the risk of contributing towards the sum of $900, the sum of $550, in the event that the title to a certain lot of land situated in said city of Providence, was found to be in one Josiah Westcott and Catharine A. Westcott, instead of the other persons in the first count mentioned, whereby the plaintiff and the defendant and all others owning any portion of a certain lot of land embraced in the site for the proposed city hall would become liable to pay to the said Westcotts the sum of $900, in addition to the sum of $3,350, otherwise agreed to be received and taken for the same land by the claimants thereto, promised the plaintiff to pay him the sum of two hundred and fifty dollars; and although the plaintiff has done all things by him to be done and performed, the said defendant has not paid said sum or any part thereof, but refuses to pay the same, although requested," &c.

At the trial of the case, under the general issue, at the September term of this court, at Providence, 1858, the plaintiff having recovered against the defendant a verdict for the sum of $272.50, the defendant moved in arrest of judgment for the following reasons : —

1st. Because, in neither count of the plaintiff's declaration is there any sufficient legal consideration set forth to support the alleged promise of the defendant.

2d. Because, the verdict being for entire damages upon the whole declaration, there being in the first count thereof no sufficient legal consideration set forth to support the alleged promise of the defendant, the judgment ought to be arrested.

3d. Because, the verdict being for entire damages upon the whole declaration, there being in the second count thereof no sufficient legal consideration set forth to support the alleged promise of the defendant, the judgment ought to be arrested.

*James Tillinghast*, for the defendant:—

1. If either count of the declaration is insufficient, the verdict being for entire damages upon the whole declaration, the judgment must be arrested. *Onslow* v. *Horne*, 3 Wilson Rep. 185; Cowper's Rep. 276; *Clough* v. *Tenney*, 5 Greenl. Rep. 446; *Stevenson* v. *Hayden*, 2 Mass. Rep. 406; *Livingston* v. *Rogers*, 1 Caine's Rep. 347; *Sylvester* v. *Downer*, 18 Verm. Rep. 32; 1 Chit. Plead. 294, 295.

2. The first count of the declaration shows no cause of action, as it shows no consideration to sustain the defendant's promise. This count is evidently framed on the idea of mutual promises. But, first, for this alleged promise of the plaintiff to constitute a sufficient consideration to sustain the promise of the defendant, the plaintiff's promise, as set forth, must be such as could be enforced against him. 1 Parsons on Contracts, 374 and note *h*, and cases cited; *Governor, &c., of ·Copper Miners* v. *Fox*, 3 Eng. Law & Eq. Rep. 420; *Lester* v. *Jewett*, 12 Barb. 502. But this promise or undertaking of the plaintiff, as set forth in this count, could not be enforced against him by any one. Not by the defendant; for it appears, from the statement of the case as here put, that he was not the person beneficially interested in the $550, and there is no averment it was to be paid to him. It was merely to be *contributed* by the plaintiff in connection with others to make up a deficiency. Nor could the Westcotts or the city enforce this promise against the plaintiff. For they were entire strangers both to the consideration and to the contract; the consideration to the plaintiff did not

move from them, and no promise is averred to them. Story on Contracts, § 130, p. 83 ; *Price* v. *Easton*, 4 Barn. & Adol. 433 ; 24 Eng. C. Law, 96.

Again, for mutual promises to be a sufficient consideration the one for the other, they must be *concurrent.* Story on Contracts, § 128, p. 81 ; 1 Chitty's Plead. 297 ; *Livingston* v. *Rogers*, 1 Caine's Rep. 583, per *Kent,* C. J. ; *Keep & Hale* v. *Goodrich*, 12 Johns. 397. But in this first count the promises are not so laid. The plaintiff's promise is laid of *April* 22, 1854 ; the defendant's, as of *March* 23, 1855.

3. At all events the second count is clearly bad.

*First.* For the reason specified above, that the alleged promise of the plaintiff could not have been enforced against the plaintiff by any one.

*Second.* It is not averred here even, that the plaintiff ever did assume the risk which was to form the consideration of the defendant's promise.

*Third.* It is expressly averred, that in the contingency supposed, the plaintiff was already liable; and it does not appear that this, his present liability, was not equal to the whole $550 he was to assume, and therefore, it does not appear that the plaintiff assumed any new liability; and if he did not, it could form no consideration for the defendant's promise.

*Fourth.* The general averment that " although the plaintiff has done all things by him to be done and performed," is not a substantial averment, and is by no means equivalent to an express averment, that he did assume the risk, and that risk was beyond his prior liability. But even if it was, yet it would still be bad as not showing *how* he assumed the risk. *Phillips* v. *Fielding,* 2 H. Black. 123. Nor is this defect aided by the verdict. A want of averment of consideration is not so aided; for the verdict only finds the fact of the defendant's promise, and " that furnishes no legal intendment or inference that the promise was founded upon any consideration." Gould's Pleading, chap. 10, § 22, p. 503 ; 1 Salkeld, 364.

*Thurston & Ripley,* for the plaintiff : —

The two counts in the plaintiff's declaration set forth the

9 *

contract substantially as proved at the trial, and set forth a suffi-
cient legal consideration.    Chitty on Contracts, 28.

After a verdict upon the merits, the court will not set it aside
for mere technical defects in the declaration, when enough
appears to show the foundation of the action, and the verdict
and recovery may be pleaded to another action for the same
cause.   *Baldwin* v.  *O'Brien*, Coxe, 218 ; 1 Chit. Pl. 673 ; *Porter*
v. *Kepler*, 14 Ohio, 127.

BOSWORTH, J.   This is a motion in arrest of judgment, on
two grounds : 1st. That the two counts in the declaration are
bad for want of a sufficient allegation of consideration ; and,
2d. That if one count is good, the other is bad, and the dam-
ages being entire, no judgment ought to be rendered on the
verdict.

The first count sets out the facts, that the city of Providence
proposed to purchase a lot for the site of a city hall, which lot
embraced land owned by the defendant, land owned by the
plaintiff, and other land, the title to which was the subject of a
suit between two other parties ; that the city agreed to pay
$75,000 for the whole, and the several owners were to adjust
their several portions of this sum among themselves.   One of
the claimants to the lot in controversy agreed to take for his
share of the gross sum, if he prevailed in the suit, $3,350 ; the
other demanded, if the title should vest in him, $4,250.   There
would be, therefore, in the event of one party's succeeding,
$900 difference to be shared or paid between the plaintiff and
defendant.   By the first count in the declaration it is alleged,
that the defendant, in consideration that the plaintiff took the
risk of paying, and agreed to pay $550 of this sum in the event
that said $900 should become necessary to be paid, promised
the plaintiff to pay him the sum of two hundred and fifty dol-
lars ; and the plaintiff avers, that he did assume said risk, and
did promise to pay said sum in said event, whereby the defend-
ant became liable to pay to the plaintiff the said sum of two
hundred and fifty dollars.

We think that the assuming a contingent liability, and prom-
ising to pay a definite sum, in an event which the parties con-
templated might happen, is sufficient to support a concurrent

promise to pay an amount certain, made by the party to whose benefit the assumption of the contingent liability was to enure. The first count, in our judgment, may be supported after verdict.

The second count is defective. The question then arises whether judgment can be rendered on the verdict, the damages being entire? Both counts respect one and the same cause of action. The evidence on the trial was all applicable to the first count. The two counts are, indeed, but different modes of stating the same cause of action. A judgment in the cause, as set out in the first count, would be a conclusive bar to another action for the same claim in whatever form it might be stated. It is proper, therefore, that judgment should be rendered on the first count in the declaration. *Eddowes* v. *Hopkins*, 1 Doug. 376; *Williams* v. *Breedon*, 1 Bos. & Pul. 329; *Spencer* v. *Goter*, 1. H. Blacks. 78; *Harrison* v. *King*, 1 B. & A. 161; *Barnard* v. *Whitney*, 7 Mass. 358; *Patten et al.* v. *Gurney et al.*, 17 Ib. 182, 187; *Clark* v. *Lamb*, 6 Pick. 512, 516; *Jones* v. *Kennedy*, 11 Ib. 125, 131; 1 Chit. Plead. 411, 12th Am. ed. and notes; Gould's Plead. ch. 10, §§ 58, 60, 61, p. 523, n. 7.

*The motion therefore, is denied.*