THE STAR BRICK COMPANY v. JOHN W. RIDSDALE ET AL.

A corporation, being the plaintiff in the suit, need not prove its corporate existence under a plea of the general issue, or other plea to the merits.

On rule to show cause why a new trial should not be granted.

This was an action of covenant, the plaintiff being a corporation established by force of the laws of New York.

Argued at February Term, 1873, before BEASLEY, Chief Justice, and Justices BEDLE, DALRIMPLE and DEPUE.

For plaintiff, *G. Berry* and *A. V. Schenck.*

For defendants, *J. H. Stone* and *J. P. Jackson..*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  In the case of the *Bennington Iron Company* v. *Rutherford,* reported in 3 *Harr.* 158, there is a somewhat elaborate discussion of the question, whether a corporation, being the plaintiff in a cause, must prove its corporate capacity under the general issue or other plea going to the merits of the case.  But although considerable research is exhibited and a number of the authorities examined and commented on, no solution of the point is announced, so that in practice, it has been considered unsettled from that day to

the present time. It is now for the first time in this state presented directly for decision.

The question has been variously decided. In the State of New York the practice has been settled by a series of cases to the effect that the general bar involves a negation of the corporate capacity of the plaintiff. In other states the same doctrine has been adopted, while in Massachusetts, Maine, Vermont, Connecticut, and by the federal tribunals, the opposite view is entertained.

In the case of the Bennington Iron Company v. Rutherford, it appears to have been thought that in England a plea of the general issue called for proof of the existence of the corporate plaintiff. But I do not find that the point has there been specially adjudged. In the case just cited, but two authorities are referred to, and neither of thems seem to me in point. The first is that of the *Company of Carpenters* v. *Wayward*, 1 *Doug.* 374; it being a suit against a carpenter for a breach of a custom, and one of the grounds on which a non-suit was asked, was that the plaintiffs had not proved the existence of such a company as that described on the record. What the plea was is not shown, and it is obvious that the nature of the suit was such, being the alleged violation of a custom forming part of the chartered rights of the plaintiff, as to necessitate proof of the existence and extent of such rights. The decision seems to have, with respect to the present inquiry, no significance. Nor has the second case any closer application. It is that of the *Mayor of Lynne Regis* v. *Payn*, 10 *Co.* 120. The action was on a bond, and the plea was *non est factum*, and there was a special verdict showing that the name of the plaintiff, set forth in the bond as the obligee, varied from the name under which the company was incorporated. It is not shown in the report that the plaintiff, in support of its case, made proof of its incorporation; the fact may have been introduced by the defendant, but at all events, the only question discussed and passed upon, was with regard to the alleged variance between the name in the bond and the corporate name of the plaintiff.

But while these particular cases do not throw much, if any, light upon the point in question, there are evident traces in the English books of a practice which leads to the proof, under the conditions specified, of the existence of the corporation. It is probable that this course of proceeding is the result of dicta which here and there appear in the reports, as well as in one of the text books. But whatever may be the occasion of this practice, it is certain that the plea of *nul tiel* corporation was from very ancient times one of the recognized forms of pleading. The precedent is as old as the year books. Mr. Sergeant Williams, in his note to the case of *Mellor* v. *Spateman*, 1 *Saund. R.* 340, says : " The defendant can only plead *nul tiel* corporation, in *bar* to an action by a corporation." If this be so, it would seem to follow that the general issue will not put the corporate existence of the plaintiff in question, because, being possessed of this effect, the plea of *nul tiel* corporation becomes useless and bad in theory, on the ground that it amounts to the general issue.

Indeed, in New York it has been held, consistently with the principle above stated, adopted by the courts of that state, that *nul tiel* corporation was not good, as it was equivalent to the general issue. *Wood* v. *Jefferson Co. Bank*, 9 *Cowen* 194. The presence of such a plea, therefore, in the common law, would seem to negative the claim which is set up in favor of the common bar.

But whatever may be the practice at present prevailing in the English courts, or in the courts of some of the American states, I think it is manifest there is nothing to prevent this court from adopting that course of proceeding which is most consistent with ordinary principles, and most conducive to general convenience.

The familiar rule of pleading is that a defendant by pleading to the merits, admits the capacity of the plaintiff to sue. This is the principle applicable to actions between natural persons, and no reason is apparent why it should not be extended to suits brought by corporations. In fact, with respect to this latter class of persons the rule is of most value, as in

many instances it is sheer vexation to be required to show, with technical exactness, a corporate existence. It is seldom that the existence of the corporate authority is one of the questions in controversy, and to require it to be shown on every occasion is oppressive in the extreme.

When an incorporated bank sues upon a promissory note, if a plea of *nul tiel* corporation were interposed, it is probable that such plea, under ordinary circumstances, would be ordered to be struck out on the ground of a manifest intention to embarrass the suit. What propriety, then, is there in compelling such plaintiff to produce, in an issue raised on the merits, its charter coupled with evidence of an organization under it? The admission of such a rule is theoretically wrong, and practically mischievous. It is clearly the preferable course to require a party who desires to put in controversy the fact of the due incorporation of the plaintiff in a suit, to do so by the plea specially fitted to that purpose, thus avoiding the inconvenience arising out of the necessity of such proof in the generality of cases, and when the status of the party suing is not in any issue in dispute. The result is that under the plea in this case, I do not think it was incumbent for the plaintiff to show the fact of its incorporation.

Nor do I think that such necessity existed for the purpose of evincing its capacity to enter into the contract embraced in the suit. It is true that a corporation is a creature of enumerated powers, and that, consequently, its ability to do any particular act must, when the validity of such act is insisted on, be made to appear.

But I think the true doctrine is that as against a party dealing with a corporation, it is primarily to be assumed that the act done in such business by the corporation was within its competency. Under such circumstances, a *prima facie* case is made in favor of the legality of the corporate act, and if the defendant alleges that the act was *ultra vires*, the burthen of proving it is upon him.

This view of the law dispenses with the necessity of considering the evidence which was offered at the trial, touching

the fact of the incorporation of the plaintiff. With respect to the second exception taken to the trial, that the judge refused to acharge that the alleged offer of the defendants to hire their works to the plaintiff, in accordance with one of the terms of their article of agreement, exempted the defendants from all liability for antecedent breaches, it would be sufficient to say that there is nothing in the case to show that the judge refused so to charge, or to show what his charge in this particular really was. But, independently of this consideration, the matter thus set up is not within any of the issues formed in the pleadings. Nor is it likely, if the question had been properly presented, that the construction contended for would have been concurred in, because, although within, perhaps, the literal meaning of the words, it is entirely inconsistent with the evident intention and spirit of the agreement.

The last objection relates to the amount of the verdict. The evidence on this subject is loose and not satisfactory, but there is nothing in it to warrant the court in interfering with the result arrived at by the jury.

The rule to show cause must be discharged.

CITED in *Butterfield* v. *Third Av. Savings Bank*, 10 *C. E. Gr.* 533.