### 1032. SOUTHERN CAR-WHEEL IRON COMPANY *v.* POWERS.

A was sued on a written guaranty to pay the debt of B to C. The proof showed that B did not owe the debt to C, but that D owed C the debt. *Held,* the variance was fatal, and a nonsuit should have been awarded.

Appeal, from Haralson superior court—Judge Edwards. January 6, 1908. .

Submitted April 22,—Decided June 18, 1908.

*J. M. & H. J. McBride,* for plaintiff in error.

*Beall & Adamson,* contra.

HILL, C. J. Powers brought suit in a justice's court on the following written guaranty: "Mr. Henry Powers, Rome, Ga. Dear Sir: Allen Young Company, Cartersville, September 26th, 1906. $100.00. We are requested by the above-mentioned people to credit and pay you $100.00. We accordingly now guarantee you the amount for their account and shall be glad to remit it to you in the near future. Yours respectfully, Southern Car-Wheel Iron Company, by Ralph H. Brown, Sec. & Treas." By consent the case was appealed to the superior court. The defendant filed a plea of the general issue. On the trial the plaintiff introduced the guaranty sued on, and testified: "Mr. Allen Young owed me $100, and I got after him pretty hot about it, and, in a few days after that, defendant sent me this guaranty, which was satisfactory to me. I released the Allen Young Company. Young owed me this $100 on account of my indorsement on a note." This was all the evidence for the plaintiff; and the defendant moved the court to grant a nonsuit. This motion was overruled, and the court directed a verdict in favor of the plaintiff; and the defendant's motion for a new trial was overruled.

The nonsuit should have been granted. There was a material and fatal variance between the written guaranty and the evidence of the plaintiff. The guaranty was a promise to pay the debt of the Allen Young Company as principal debtor of the guarantee, and the guarantee testified that Allen Young, as an individual, owed him the debt, the payment of which was guaranteed by the defendant. It does not appear upon what consideration the guaranty was based. It is true the plaintiff testified that he accepted the guaranty and released the Allen Young Company. But as he, in the same connection, testified that the Allen Young Company was not his debtor, his release from payment of a debt which did not exist was no consideration for the guaranty. An agreement by a creditor to extend the time of payment of a debt, or release the principal debtor, is a sufficient consideration for a guaranty

·of payment by a third person. But when the person named in the guaranty as principal debtor of the creditor is not his debtor, it is difficult to understand how the release of such person can be any consideration for the contract of guaranty. The contract in this case is an absolute promise to pay the debt of the person named as principal debtor. There must exist a principal debtor, and the principal debtor must be the one whose debt is guaranteed. If the guarantor is compelled to pay the debt, he has a right of action over against the principal debtor. In this case the debt guaranteed was that of the Allen Young Company as principal debtor. If the guarantor paid the debt of Allen Young, this would not give it the right to demand repayment from the Allen Young Company, and it would have no right of action against the latter. 14 Am. & Eng. Enc. of Law (2d ed.), 1161.

The defendant was called upon to pay its guaranty of a debt of the Allen Young Company to the plaintiff as principal debtor. The proof submitted by the plaintiff showed that the Allen Young Company was not his debtor, and that the debt guaranteed was that of Allen Young individually. The case sued on and the case made by the proof were distinct, and the nonsuit should have been awarded. *Commercial Bank* v. *Tucker,* 94. *Ga.* 289 (21 S. E. 507).

*Judgment reversed.*