## 9132.   LEWIS *v.* CROCKER.

LUKE, J. This action was upon a written contract by which the plaintiff contracted to build a house for the defendant at a certain price. There was a provision in the contract that, "should the owner at any time during the progress of said building desire any alterations of, deviations from, additions to, or omissions in the contract, he shall have the right and power to make such change or changes, and the same

shall in no way injuriously affect or make void the contract, but the difference shall be added to, or deducted from, the amount of the contract as the case may be, by a fair and reasonable valuation, and no extras shall be paid for unless ordered by the owner.' Such changes shall be authorized in writing and a written agreement shall be executed to that effect where such changes entail an extra expense." The evidence established the fact that the contract price, to wit, $3,050, had been fully paid by Crocker, but that the sum sued for, to wit, $4,520.62, instead of being the contract price, as alleged in the petition, was for extras. The evidence failed to show that the extras were ordered or directed as provided by the contract. At the conclusion of the plaintiff's evidence a nonsuit was granted. *Held:* Whatever may be the remedy of the plaintiff in a suit upon an open account, the case as pleaded by him was not proved. Nonsuit was therefore proper.

      —    *Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

      DECIDED MAY 16, 1918. REHEARING DENIED JULY 10, 1918.

Complaint; from city court of Leesburg—Judge Martin. July 17, 1917.

*Leonard Farkas, Thomas H. Milner,* for plaintiff.

*Peacock, & Gardner,* for defendant.