24679. BURCH *v.* WOFFORD-TERRELL COMPANY.

STEPHENS, J. 1. A petition does not fail to set out a cause of action in that it appears from its face that the action sued on is barred by the statute of limitations. The bar of the statute of limitations is a personal privilege, and is not available to the defendant unless specially asserted either by a special plea, or (where the bar appears upon the face of the petition) by a special demurrer. *Small* v. *Cohen,* 102 *Ga.* 248 (29 S. E. 430); *Milner* v. *Neel,* 114 *Ga.* 118 (2) (39 S. E. 890); *Smith* v. *Central of Georgia Railway Co.,* 146 *Ga.* 59 (90 S. E. 474); *Powell* v. *McKinney,* 151 *Ga.* 803 (3) (108 S. E. 231). It is no ground to set aside a judgment in a civil case that it appears on the face of the petition that the cause of action sued on was barred by the statute of limitations.

2. On the trial of an issue formed by a motion to set aside a judgment obtained against the movant as the defendant in a suit against him as surety on promissory notes, in which suit he was in default by failure to answer, where it appeared from the petition that he did not execute the notes under seal and that more than six years from the dates of their maturity had expired before the suit was filed, the judgment against him was not subject to be set aside on the ground that it appeared from the petition that the action was barred by the statute of limitations, and therefore no cause of action was set out. The judgment for the respondent was authorized.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 25, 1936.

*J. B. Jones, J. M. Johnson, J. H. Blackshear,* for plaintiff in error. *W. V. Rice, Joseph G. Collins,* contra.