### 38619. GASTON v. ENGINE SERVICE & PARTS COMPANY, INC.

DECIDED JANUARY 31, 1961.

*Thomas M. Stubbs, Jr., Joan Larsen,* for plaintiff in error.
*Marvin P. Nodvin, Harry L. Cashin, Jr.,* contra.

CARLISLE, Judge. James M. Gaston sued Engine Service & Parts Co. As originally drawn, his petition appears to have been a suit in one count in trover to recover possession of a described automobile and to recover damages for breach of a contract to repair the same and for loss of use of it. In response to demurrers which apparently were filed, but which are not a

part of the record before this court, the plaintiff amended his petition so as to seek to recover damages for fraud and deceit in the failure of the defendant to perform its oral contract with the plaintiff to rebuild the engine in the automobile and to install such new parts in the engine as were worn out and in need of repair. Also sought to be recovered in the amended petition were damages for the value of the automobile, of which the plaintiff alleged the defendant had retained possession, and a sum for loss of use of the same.

Upon the trial of the case, it appeared from the evidence that the plaintiff had contacted the defendant through its president and manager, Mrs. Allstadt, and inquired whether the defendant had a rebuilt engine for his 1953 Kaiser automobile. Mrs. Allstadt replied that they did have such an engine and the plaintiff delivered his automobile to the defendant for the purpose of having it installed. However, the plaintiff subsequently discovered that the defendant, instead of merely exchanging his old engine for a rebuilt one, was proceeding to rebuild *his* engine. After the defendant had purportedly completed this job, the plaintiff paid him $165.86 and took possession of the automobile. His evidence tended to show that the work was unsatisfactory and that he immediately notified the defendant of this fact but did not at that time redeliver his automobile to the defendant for the purpose of having the defendant make good its guarantee on the original job until some two months after it had been completed. His evidence further showed that the defendant had possession of the automobile at the time of trial but there was no evidence introduced showing that the defendant had removed the engine as alleged in the petition, nor was there any evidence as to the value of the use of the automobile so as to authorize a verdict for any amount on this feature of his case. There was no evidence that the defendant had made any promise to rebuild the engine of the automobile upon its redelivery to the defendant, or that the defendant had in fact promised to do anything except to make good its original job. If the plaintiff's evidence can be said to have made out a case of any sort, it was simply for a breach of warranty on the original repair job, a case not embodied in the amended petition.

There was no exception before this court to the ruling of the trial court on the demurrers. However the original petition as stated above sounded strictly in tort as an action in trover and as amended the action was for fraud and deceit. In any event, it was doubtful whether the plaintiff under the allegations could recover at all upon the theory set forth in the amended petition, and the plaintiff was required to make his proof correspond strictly with his allegations. In a doubtful case such as this, "the defendant is entitled to all his legal rights, and, accordingly, to be accurately informed by the declaration upon precisely what state of facts," and for what breach of duty he is to be held answerable to the plaintiff. *Central R. & Bkg. Co. v. Hubbard,* 86 Ga. 623, 628 (12 S. E. 1020). The plaintiff's proof did not correspond to the allegations of his amended petition, and the trial court properly entered a judgment of nonsuit. *Central R. & Bkg. Co. v. Avant,* 80 Ga. 195 (5 S. E. 78) ; *Shomo v. Ransom,* 92 Ga. 97 (18 S. E. 534) ; *Southern Car-Wheel Iron Co. v. Powers,* 4 Ga. App. 412 (61 S. E. 838) ; *Lewis v. Crocker,* 22 Ga. App. 360 (96 S. E. 347).

*Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*