## 39044. ADAMS BROTHERS CONTRACTORS, INC. v. SEABOARD SURETY COMPANY.

DECIDED SEPTEMBER 28, 1961.

*Holcomb & McDuff, Robert E. McDuff, Lokey & Bowden, Glen Frick,* for plaintiff in error.

*Gilbert & Head, Henry C. Head, Reed, Ingram & Flournoy, Robert E. Flournoy, Jr.,* contra.

JORDAN, Judge. The judgment under review is the sustaining of a motion for a nonsuit in a suit on a surety bond brought by Adams Brothers Contractors, Inc. against Seaboard Surety Co. in the Superior Court of Cobb County.

The petition alleged that on October 1, 1958, the plaintiff corporation, through its president, M. J. Adams, entered into a contract with Hollingsworth & Son, Inc. to supply certain labor and materials in the construction of a gymnasium at the North Cobb High School which project was covered by a labor and material payment bond executed by the defendant; that the contract price for such work was $3,290.82; that on completion of its contract the plaintiff corporation was due a balance of $1,489.95 which balance Hollingsworth & Son, Inc. had failed and refused to pay; and that a demand for this sum, for which the suit was brought, had been made on the defendant. The defendant answered, denying all allegations of the plaintiff's petition except that which alleged that the defendant in 1957 as surety executed a labor and material payment bond with Hollingsworth & Son, Inc.

The evidence adduced in behalf of the plaintiff corporation disclosed that it was incorporated on June 1, 1957; that M. J. Adams was its president; and that its principal business was

lathing and plastering. Mr. M. J. Adams testified that he, doing business as Adams Plastering Co., entered into a written contract with Hollingsworth & Son, Inc. to do the plastering work on the North Cobb High School project and that subsequently a dispute arose between the parties as to whether this contract included the school building proper or the school building and gymnasium. Adams testified that after a lengthy discussion between the parties, he agreed to forfeit the remainder of his written contract and in October, 1958, entered into an oral contract with Hollingsworth & Son, Inc. to plaster the gymnasium on a cost-plus basis. This oral contract is the one in dispute.

It is the contention of the defendant that the trial court properly granted a nonsuit in this case since the plaintiff did not introduce any evidence which would authorize the finding that the disputed contract was entered into by M. J. Adams on behalf of the plaintiff corporation rather than by M. J. Adams individually.

Counsel for the plaintiff readily admits in his brief that there was no direct evidence introduced on the trial of this case in support of the essential allegations of its petition that the contract was executed by M. J. Adams as president of Adams Brothers Contractors, Inc. It is contended, however, that since Adams had testified that he was president of the plaintiff corporation and that the plaintiff corporation was engaged in lathing and plastering work, the jury was authorized to infer that the oral contract was entered into by Adams in behalf of the plaintiff corporation.

Since the evidence shows, however, that subsequently to the incorporation of the plaintiff corporation, and prior to the execution of the alleged oral contract, Adams had entered into a written contract with the same party in his individual capacity, the jury could not naturally and reasonably infer that Adams was acting for the plaintiff corporation, either as agent for a disclosed or an undisclosed principal, at the time of the execution of the oral contract.

The evidence further discloses the following testimony elicited on the cross-examination of Adams. Question: "This contract, Mr. Adams, that you signed, to do these classrooms of the North

Cobb High School was a contract that was done by M. J. Adams doing business as Adams Plastering Company? Answer: "That is right." Question: "You did the entire Cobb County plans on that basis, is that correct; you dealt with Hollingsworth as the Adams Plastering Company?" Answer: "That is right." Question: "The entire building and all?" Answer: "That is right." It seems clear under this testimony that both the written contract and the contract from which this law suit has arisen were executed by Adams individually and not as president of Adams Brothers Contractors, Inc., the plaintiff herein.

Accordingly, there being no evidence showing that Adams was acting in the capacity of president of the plaintiff corporation when he executed the contract in dispute, nor any evidence from which the jury could naturally and reasonably infer such fact, the trial court did not err in granting the nonsuit on the ground that the plaintiff corporation had failed to prove the execution of the contract in its behalf.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*