39831.   KING v. BARRETT et al.

DECIDED NOVEMBER 29, 1962—
REHEARING DENIED DECEMBER 12, 1962.

*Thad W. Gibson,* for plaintiff in error.

*Perry, Walters & Langstaff, Jesse W. Walters,* contra.

EBERHARDT, Judge.   Defendants' primary contentions are that the plaintiff's proof failed in the two particulars of *who* placed the poisonous material in the field and *when* it was so placed.

1. As to the *when* of the placement, the burden of defendants' argument is that it is up to the plaintiff to show that the poison was placed in the field within four years prior to the date the cattle became sick (i.e., within four years prior to March, 1961, when the cows died from the poisoning).   Reduced to its simplest terms, the contention is that a plaintiff must prove that a

defendant's negligence occurred within the period of statutory limitation.

The ingenious attempt of defendants to raise the question of the statute of limitation without a plea in bar to that effect cannot succeed. We find it unnecessary to decide when the statute began to run because the bar of the statute cannot be considered unless pled where it does not appear on the face of the petition. *Parker v. Irvin,* 47 Ga. 405 (1); *Hunnicutt v. Archer,* 163 Ga. 868 (1a) (137 SE 253); *Burch v. Wofford-Terrell Co.,* 52 Ga. App. 685 (1) (184 SE 419) and citations; Leverett, Hall & Christopher, Ga. Procedure and Practice, § 29-23, p. 786, fn. 229.

Furthermore, there is probably sufficient testimony with regard to a certain newspaper one of the witnesses saw at the pile to present a jury issue as to whether the trash pile was placed there within the time alleged.

2. As to *who* placed the poison in the pasture, a somewhat different question is presented. In attempting to connect defendants with the trash pile, plaintiff primarily relies on various versions of what was said by the defendants' overseer and general manager, one Dinkins, about the trash. Dinkins allegedly admitted that certain items in the trash pile came from the defendants' farm (a settee, a chicken feeder and some batteries) and that at least some of the trash had been carried there by one of defendants' employees when he had cleared out a shed on the farm.

Dinkins denied portions of these alleged admissions but it is our duty here to construe the evidence and inferences from it most strongly in favor of the plaintiff. *McDougal v. Johnson,* 104 Ga. App. 233 (121 SE2d 417) and citations.

However, even so construing the evidence, we find that the versions of Dinkins' remarks testified to by plaintiff himself is that Dinkins denied any knowledge of the poison and denied that it came from the defendants' farm, or that any had been kept in any shed or building on the farm. Thus plaintiff has failed to prove that the poison was placed there by defendants' agent.

"Whether there be any evidence is a question for the judges, whether sufficient evidence is a question for the jury." Company of Carpenters v. Hayward, (K.B.) 1 Doug. 375, approved by

Judge Powell in *Georgia R. &c. Co. v. Harris,* 1 Ga. App. 714 (57 SE 1076), where he further asserted: "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions." We have read and re-read the evidence but can not find in it proof of circumstances that tend to establish that the *poison* was moved from the farm of the defendants, by the defendants or their agents, to the plaintiff's pasture, nor does the proof submitted render less probable a conclusion that it may have been placed there by some other person.

The allegations of the petition being unsupported by either direct or circumstantial evidence, a nonsuit was properly granted. *Gaston v. Engine Service &c. Co.,* 103 Ga. App. 94 (118 SE2d 590) and citations; *Adams Bros. Contractors, Inc. v. Seaboard Surety Co.,* 104 Ga. App. 492 (122 SE2d 122). This being the case, the court did not commit error in denying the motion to reinstate.

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*