44231.  YOUNG v. PROCTOR.

JORDAN, Presiding Judge. This is an action on an account for $1,185 allegedly due for personal services. In proof of set-

166

tlement of the account the defendant relied on a check for $50, dated May 21, 1966, issued to the plaintiff, testifying that he personally delivered it to her in Macon on this date. The check bears the notation "all bookkeeping & accounting services to date," and has a bank stamp on it showing that it cleared the defendant's account in Macon on May 23, 1966. The defendant had seen the plaintiff's signature many times and identified the sole indorsement on the back of the check as her signature. The plaintiff testified she had no recollection of ever having received the check, and that while the indorsement appeared to be similar to her signature she could not say definitely that it was or was not, and that it might have been traced. She testified further that in May of 1966 she was living and working in Jacksonville, Florida, and that on Saturday, May 21, 1966, she was not in Macon, and that on Monday, May 23, 1966, she was working in Jacksonville. She identified an Internal Revenue Service time card showing credit for 8 hours of work in Jacksonville on May 23, 1966. The court directed a verdict for the defendant, and the plaintiff appeals from this order and the final judgment thereon. *Held:*

1. "It is now the law of this State that if a debtor remits to the creditor a sum of money, less than the amount actually due, upon the condition, either express or implied, that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results, and this is true whether the demand be liquidated or unliquidated, disputed or undisputed." *Dixie Belle Mills v. Specialty Machine Co.*, 217 Ga. 104, 107 (120 SE2d 771); *Rivers v. Cole Corp.*, 209 Ga. 406 (73 SE2d 196); *Baggett v. Chavous*, 107 Ga. App. 642 (131 SE2d 109); *Thompson v. Hecht*, 110 Ga. App. 505, 506 (139 SE2d 126). See *Code* § 20-1204.

2. A mere scintilla of inconclusive circumstances, giving no scope for legitimate reasoning by the jury, does not create a genuine issue of fact. *Ga. R. &c. Co. v. Harris*, 1 Ga. App. 714 (57 SE 1076). Also, see *King v. Barrett*, 107 Ga. App. 122 (129 SE2d 393).

3. The inability of the plaintiff to recall the transaction on which the defendant relies, including her inability to refute the signature on the back of the check as her own, leaves uncontradicted the fact of an accord and satisfaction, as proved by the canceled check, which the defendant positively

identifies as a check he personally delivered to the plaintiff in final settlement of any debt due her, and on which her signature appears as the indorser, also positively identified by the defendant. Even if the jury should believe that the plaintiff was not in Macon on the Saturday the check appears to have been issued, as shown by the date thereon and the testimony of the defendant, and even if the jury should believe that she worked in Jacksonville on the following Monday, as shown by her testimony and the time card, these circumstances alone do not create a genuine issue of material fact for jury determination, in the absence of a denial of delivery or a denial of the indorsement as the signature of the plaintiff or other proof that the transaction never took place in fact at any time. Accordingly, the trial judge did not err in directing a verdict for the defendant.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED JANUARY 14, 1969—DECIDED FEBRUARY 7, 1969.

*Robert H. Herndon,* for appellant.
*George S. Carpenter, Jr.,* for appellee.