105 300
s108 472
105 300
f111 734
105 300
f129 142

## HAMILTON & COMPANY *et al. v.* STEWART.

Two persons being indebted to each other, one upon an account for money loaned, the other upon two promissory notes, and the open account creditor having rendered to the other a statement of the account, accompanying the same with a check for the difference between the two debts, and a letter stating that it was to cover the balance due, and requesting that the notes be canceled and returned, such statement and letter were equivalent to a proposition of settlement upon the terms stated in the letter; and a presentation of the check for payment and the retention of the proceeds of the same would, after the lapse of a reasonable time from the submission of the proposition and the failure to return the money, raise a conclu-

sive presumption of the acceptance of the proposition contained in the letter. Especially would this be the result in a case where the open account creditor, relying upon the retention of the money as an acceptance of his proposition, allowed his claim to become barred by the statute of limitations.

Argued June 17, — Decided July 26, 1898.

Complaint on notes. Before Judge Harris. City court of Floyd county. September term, 1897.

*Wright & Hamilton* and *C. Rowell,* for plaintiffs in error.
*Fouche & Fouche,* contra.

COBB, J. On February 20, 1897, Stewart brought two suits upon promissory notes against Hamilton & Company, which were afterwards consolidated and tried as one suit. Upon one note appeared a credit of two hundred dollars, dated May 7, 1891; and upon the other a credit of $776.62, dated February 15, 1894. The defendants pleaded that the payment of $776.62 was made by them in full satisfaction of the note, and was so accepted by the plaintiff. It appeared from the evidence, that on the date last mentioned the defendants made out a statement, in which the plaintiff was charged with sundry items of cash advanced at various times from December 23, 1891, to October 11, 1892, with interest to February 15, 1894, $132.02, and with the remittance at the time of $776.62. The account was balanced by crediting plaintiff with the two notes which are sued on, besides interest. The statement of account just described was sent to the plaintiff in a letter, in which it was stated: "We enclose you statement of your account, and our check to cover balance due you. Kindly cancel our notes and return to us." No reply having been received to this letter, on March 12, 1894, defendants wrote to plaintiff as follows: "On February 15, last, we sent you statement of your account and our check to cover balance due you, and requested that you cancel the notes held by you and return to us. Will you kindly attend to this at once?" It appeared that the plaintiff retained the check which was inclosed in the first letter, and collected the amount due thereon. No objection was made to the terms of the settlement contained in the letter until a few months before the present suit was filed. Upon this evidence the judge directed the jury to

return a verdict for the plaintiff for the amount sued for, and overruled a motion for a new trial filed by the defendants, which ruling is assigned as error.

When Hamilton & Company made out the statement in which was set forth the amount admitted by them to be due, and requested that their notes held by Stewart be canceled and returned to them, this was, in effect, a proposition to compromise the indebtedness of each to the other upon the terms stated in the letter. It was the same as if Hamilton & Company had written to Stewart: We will pay you $776.62 in cash, upon the condition that you accept the same in full satisfaction of the notes held against us, and upon no other condition are you authorized to retain the amount which we remit. So construed, it was incumbent upon Stewart, either to accept the proposition, or decline it. The effect of the second letter was to ask an answer to the proposition submitted. In such cases it is incumbent upon the party to whom the proposition is made to answer the same either by accepting or refusing within a reasonable time. The retention of the amount forwarded, declared to be in full settlement of the claim held by the person to whom it is sent, coupled with a failure within a reasonable time to decline the proposition, will raise a conclusive presumption of an acceptance of the terms and conditions set forth in the proposal. While of course a party can not be bound by a settlement unless he assents to its terms, still this assent may be implied from the circumstances, and conduct inconsistent with a refusal would raise a presumption of assent, upon which the other party would have a right to act. Nothing could be clearer than the proposition that where one person delivers to another property, to be retained upon a condition stated, the party receiving it can not retain the property and repudiate the condition. In the case of Fuller *v.* Kemp (N. Y.), 33 N. E. Rep. 1034, it appeared that the plaintiff had sent a bill of six hundred and seventy dollars to the defendant, and that the latter declined to pay the bill rendered, but sent a check for four hundred dollars, stating that it was to be in full satisfaction of plaintiff's claim. Plaintiff retained the check, but sent another bill for the same amount as the first bill, on which he credited the amount of the check as

part payment. The defendant at once notified plaintiff that he had sent the check on condition that it should be received in full payment of his bill, and that plaintiff must either keep it on that condition, or immediately return it. It was held that the debt, which was unliquidated, was satisfied by the retention of the check, since its acceptance involved the acceptance of the condition also. A similar ruling was made in the case of Nassoiy v. Tomlinson (N. Y.), 42 N. E. Rep. 715. In the case of Petit v. Woodlief (N. C.), 20 S. E. 208, it was held that "where a draft for part of an indebtedness was sent by letter, both draft and letter stating that it was to be in full payment of the debt, the creditor, by converting the draft into money, elects to accept the compromise, and the debt is thereby discharged in full." The principle announced in these decisions is peculiarly applicable where the person making the proposal to compromise by letter and remittance has acted to his prejudice on the presumption arising from the retention of the proceeds of the check, and the failure to answer within a reasonable time, and allowed the demand which he had against the other to become barred by the statute of limitations. It was error, under the facts of this case, for the judge to direct the jury to return a verdict for the plaintiff, and the issues raised by the pleadings should have been submitted to the jury under proper instructions.

*Judgment reversed. All the Justices concurring.*