JENKINS *v.* NATIONAL MUTUAL B. & L. ASSO.

1. When a debtor pays to a collecting agent a given sum of money upon the express condition that the same is to be accepted by the principal of the latter in full settlement of all demands against the debtor, it is the duty of the creditor, within a reasonable time after being informed of the condition on which the payment was made, to notify the debtor whether or not his offer of settlement is accepted, and if not, to return to him the money received. What in a given case would be a reasonable time depends upon all the facts and circumstances thereof.

2. The charges complained of in the present case were not in harmony with the rule above announced, and did not submit to the jury the real issue upon which a proper determination of the case depended.

3. The court also erred in permitting witness to testify to the correctness of accounts taken from books which they did not keep, and upon which alone their testimony respecting the accounts was based.

Argued July 17, — Decided August 8, 1900.

Equitable petition. Before Judge Felton. Bibb superior court. December 27, 1899.

*Anderson & Grace* for plaintiff.
*Marion W. Harris,* for defendant.

COBB, J.   Jenkins brought his petition against the National Mutual Building and Loan Association of New York, alleging that he had borrowed a sum of money from the defendant, which he had agreed to pay back in the manner prescribed by its rules and by-laws, and to secure the repayment of the loan had executed a deed to certain realty; that, after he had made sundry payments on the debt, he made a calculation as to the amount necessary to pay the balance then due according to his understanding of the rules of the association, and that he remitted to it the amount thus ascertained by him, accompanied with the statement that this amount was to be received in full discharge of his liability to the association; that the association has retained the amount so remitted, and that a reasonable time has elapsed since the remittance for the association to determine whether it would accept the proposition or decline the same.   The plaintiff charges that the failure of the association to return the money amounts to an election to receive the same in full satisfaction of his liability, and that notwithstanding this the defendant is attempting to sell the property held by it as security.   The prayer of the petition is, that the de-

fendant be enjoined from selling the property, and that the deed and evidence of indebtedness held by it be delivered up to be canceled. The defendant in its answer admits having received the money, but denies having accepted it in full satisfaction of the plaintiff's liability to it; and by way of cross-bill prays for a judgment against the plaintiff for the amount claimed by it to be due on the debt. The trial resulted in a verdict against the plaintiff, and in favor of the defendant on its answer in the nature of a cross-bill.

At the trial it appeared that the plaintiff had paid the amount claimed by him to be the balance due on the debt, to a collecting agent of the defendant at Macon, with the distinct understanding that the amount should be received in full settlement of the debt due by the plaintiff; that this agent remitted the amount, less his commission, in a separate check payable to the defendant, the check containing the following words: "final settlement of D. E. Jenkins." It was forwarded by the agent to the association in a letter in which the agent said the amount paid by Jenkins completed "his payments, according to his understanding of contract with your association. He asks that you cancel and return to me or to him the evidence of indebtedness of your company against him." This letter was dated February 2, 1897, and the defendant acknowledged receipt of the same on February 8, in a letter to its agent, in which it was said the amount remitted did not complete the payments of Jenkins due the association. Then followed a correspondence between the association and its agent, and the association and Jenkins and his attorneys, continuing until August 21, 1897. The money was never returned to Jenkins, and nothing that would amount to an offer to return the same was made until May 7, 1897. An examination of the correspondence shows that Jenkins and his attorneys steadfastly adhered to his original contention, that he had remitted the amount in final settlement, and that the failure of the defendant to return the same within a reasonable time after it was received amounted to an acceptance on its part of the proposition thus made by Jenkins. The letters from the association to Jenkins and his attorneys contain strenuous efforts to obtain from Jenkins an acknowledgment that there was a misunderstanding

about the matter, that his calculation was incorrect, and that he did not understand the way to calculate the balance due on the debt according to the rules of the association, and also a claim by them that they took the amount of the remittance and credited it upon the debt as they understood it to be. It is not at all clear that the letter of May 7 would amount to an offer to refund the money, but this is the first communication from the association that at all resembles an offer to refund.

In *Hamilton* v. *Stewart*, 105 *Ga.* 300, it was held that where a debtor remitted to a creditor less than the amount of the debt as claimed by the creditor, upon the distinct understanding that the same was to be received in full discharge of the debt, if the creditor did not, within a reasonable time after the money was received, repudiate the offer and return the money remitted to him, all liability on the debt would be discharged. When the case was before the court a second time (108 *Ga.* 472), the necessity for the return of the money within a reasonable time was emphasized, and it was intimated that a bare refusal to accede to the proposition to accept the amount in full discharge would be unavailing to the creditor in the absence of a return of the money. In the present case, even if an offer to refund, without an actual tender of the money, would be available as a defense to the action, it was a question for the jury, whether, in the first place, there had been any proper offer to refund, and, if so, whether it was made within a reasonable time after the remittance was received. The charges complained of in the present case were not exactly adjusted to the facts of the case, and did not, with sufficient fullness, submit to the jury the real issues in the case, nor were some of them in harmony with the rules above laid down.

During the progress of the trial a witness was allowed to testify that he made up a statement of the account due by the plaintiff to the association, and that the same was correct. It appeared upon cross-examination that his knowledge of the transaction was derived solely from the books of the association. This testimony of the witness should have been excluded. *Southern Home B. & L. Asso.* v. *Butler*, 111 *Ga.* post.

*Judgment reversed.    All the Justices concurring.*