## 10687.  COLFAX GIN COMPANY *v.* BUCKEYE COTTON OIL COMPANY.

JENKINS, P. J.  The Colfax Gin Company sued for the purchase-price of a carload of cottonseed sold by it to the Buckeye Cotton Oil Company, contending that it was entitled to recover for the amount of seed as shown by the weights when loaded at Colfax, Ga., the point of shipment.  It was provided by the contract of purchase that the defendant was to pay for the cottonseed a stated price per ton "f. o. b. Colfax, Ga."  The defendant contends that it should only pay for the amount of seed received at the point of destination, and in an amendment to its plea and answer alleges that "in the cottonseed-oil business it is a custom to settle and pay for all shipments of cottonseed at mill weights,—that is, the weight at time and place of delivery; and said custom is of such universal practice that it becomes a part of all contracts for shipment and purchase in carload lots of cottonseed, and was a part of the contract in this case."  The court allowed this amendment, over the objection of the plaintiff that "the contract sued on was not ambiguous, and that the defendant could not set up and prove in defense of the suit the alleged custom which sought to vary the terms of the contract;" and to this the plaintiff excepts, contending that "f. o. b. Colfax," as contained in the contract, meant that title to the seed passed to the buyer as soon as loaded, and that any loss in weights would fall on the purchaser.  *Held:*

1. While a custom or usage of trade can not be set up to vary a written unambiguous contract whose terms are incompatible therewith (*Emery* v. *Atlanta Real Estate Exchange*, 88 *Ga.* 321, 330 (2) (14 S. E. 556); *Albany &c. Railway Co.* v. *Merchants &c. Bank*, 137 *Ga.* 391 (4) (73 S. E. 637); *Brunswig* v. *East Point Milling Co.*, 11 *Ga. App.* 9 (74 S. E. 448), the words and letters "f. o. b. Colfax," as contained in the contract of purchase, would ordinarily mean merely "free on board" at that point, and that the defendant was to be responsible for the cost of shipment (*Reese* v. *Weinberger*, 108 *Ga.* 533, 535 (34 S. E. 28, 75 Am. St. R. 73); and the contract as made was therefore silent as to what weights were to govern in the settlement for the cottonseed. It follows that the court did not, for any of the reasons assigned, err in allowing the amendment offered by the defendant.  Political Code (1910), § 1 (4); *Branch* v. *Palmer*, 65 *Ga.* 210.  And while, in the absence of an agreement to the contrary, delivery of freight to a common carrier is regarded as delivery to the consignee, and any loss or damage to the goods while in transit would fall on the purchaser, this rule may be varied by agreement (*McCook* v. *Halliburton-Myers Co.*, 14 *Ga. App.* 381) (80 S. E. 863); and if at the time the contract of purchase in the instant case was made there existed a custom, such as that alleged by the defendant, which was of such universal practice as that it became by implication a part of the contract, this would amount to such an agreement as would prevent the application of the general rule above stated.

2. "An agreement by a creditor to receive less than the amount of his

debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration" (Civil Code of 1910, § 4329), and, in the absence of an agreement to the contrary, a bank check thus tendered as in full payment is not such until it is itself paid. Civil Code (1910), § 4314. Thus, where a claim is unliquidated because of a bona fide dispute as to the amount due, and the debtor sends a check to the creditor for the amount which the debtor claims he is due, but for less than the amount claimed by the creditor, with and upon the express condition written upon the check that it is to be in full settlement of the disputed claim, it is only where the creditor either has agreed to accept, or after the tender actually does accept, such a check as being of itself in full settlement of the unliquidated demand, that the mere retention of such an unpaid check can be set up as an accord and satisfaction. *Edwards Bottling Works* v. *Jarnagin*, 11 *Ga. App.* 162, 163 (74 S. E. 1004); *Charles W. Tway Co.* v. *Hedenberg*, 24 *Ga. App.* 520 (101 S. E. 199); *Sims* v. *Bolton*, 138 *Ga.* 73, 75 (74 S. E. 770); *Hamilton* v. *Stewart*, 108 *Ga.* 472 (34 S. E. 123); *Jenkins* v. *National Mut. B. & L. Asso.*, 111 *Ga.* 732 (36 S. E. 945); *Redmond* v. *Atlanta & Birmingham Ry.*, 129 *Ga.* 133 (58 S. E. 874); *Bass Dry Goods Co.* v. *Roberts Coal Co.*, 4 *Ga. App.* 520 (61 S. E. 1134). The evidence in this case being in conflict as to whether or not there had been an express agreement that the check itself was to be accepted as payment, the court erred in directing a verdict for the defendant.

3. Since the unpaid check given by the defendant to the plaintiff was produced by the plaintiff upon the trial of the case, and was introduced in evidence, the formal tender or surrender thereof to the defendant is not necessary as a condition precedent to final judgment in favor of the plaintiff for the full amount sued for, if otherwise entitled thereto. *Sims* v. *Bolton*, supra; *Belmont Farm* v. *Dobbs Hardware Co.*, 124 *Ga.* 827, 829 (53 S. E. 312).

Judgment reversed. <em>Stephens and Smith, JJ., concur.</em><br>Decided December 16, 1919.

Complaint; from city court of Macon—Judge Guerry. March 22, 1919.

*Feagin & Hancock, Deal & Renfroe,* for plaintiff.
*Miller & Jones,* for defendant.