## 26500. PAN-AMERICAN LIFE INSURANCE Co. v. CARTER.

BROYLES, C. J. 1. "When a party makes an offer of a certain sum to settle a claim, the amount of which is in bona fide dispute, with the condition that the sum offered, if taken at all, must be received in full satisfaction of the claim, and the party receives the money, he takes it subject to the condition attached to it, and it will operate as an accord and satisfaction." *Riley* v. *London Guaranty & Accident Co.*, 27 *Ga. App.* 686 (109 S'. E. 676), and cit. The same ruling applies where the claimant, instead of receiving money as a settlement of his claim, receives a check or draft from the other party in full settlement of the claim. And this is so even though the claimant makes no effort to, and does not, cash the check or draft, and subsequently tenders it back to the other party. This is true because the check or draft was necessarily accepted as cash by the claimant in full satisfaction of his claim. *Interstate Life & Accident Co.* v. *Wilson*, 52 *Ga. App.* 171 (183 S. E. 672); *Howard* v. *Ga. Home Ins. Co.*, 102 *Ga.* 137 (29 S. E. 143).

2. Where, without the practice of any fraud upon her, a plaintiff accepts, in full satisfaction of her claim, a lesser amount than what she claims is due her, there is an accord and satisfaction, and she is not entitled to a recovery. *Interstate Life &c. Co.* v. *Wilson*, supra, note 2.

3. Applying the foregoing rulings to the facts of the instant case, a finding in favor of the defendant's plea of accord and satisfaction was demanded. The verdict for the plaintiff was contrary to law and the evidence, and the refusal to grant a new trial was error.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED FEBRUARY 10, 1938.

B. P. *Jackson,* John A. *Dunaway, Bryan, Middlebrooks & Carter,* for plaintiff in error.

*Sharpe & Sharpe,* contra.