## 40081.   BAGGETT v. CHAVOUS.

HALL, Judge.   This is a suit for $1,382.11 alleged to be due under an oral contract for materials and labor.   The petition alleges: "Upon completion of the additions, remodeling and repair of said house, petitioner tendered his bill to defendant in the sum of $1,382.11, whereupon defendant advised petitioner he would write him a check in payment and did write check and upon handing check to petitioner, petitioner discovered that check was only for the amount of $357.75, and marked thereon the notation that same was 'final payment on building,' advising petitioner that such amount was enough and that he would pay no more.   Petitioner shows that he has never tendered said check for payment and that defendant is indebted to him in the total amount of $1,382.11."   A general demurrer to the petition was sustained and to this judgment the plaintiff excepts.   *Held:*

1. Where "a creditor [debtor] remits a sum of money to his debtor [creditor], though less than the amount actually due, with the understanding, either express or implied, that it is in satisfaction of his debtor's [creditor's] claim, and the latter accepts and retains it, accord and satisfaction of the demand results therefrom, and the balance, insofar as our law is concerned, may not thereafter be recovered by the creditor in an action instituted for that purpose . . . and this is true under our law whether the debtor's [creditor's] claim or demand be liquidated or unliquidated, disputed or undisputed." *Rivers v. Cole Corp.*, 209 Ga. 406, 408 (73 SE2d 196).

2. The mere retention of a check tendered in full payment, without any affirmative act or use does not result in an accord and satisfaction. *Colfax Gin Co. v. Buckeye Cotton Oil Co.*, 24 Ga. App. 610 (2) (101 SE 697).   However, retention for an unreasonable time, without cashing or otherwise using it and without indicating a refusal to accept the check as accord and satisfaction, constitutes an acceptance of the check in settlement for payment of the claim, so as to bar any action for an alleged balance due. *Pan-American Life Ins. Co. v. Carter*, 57 Ga. App. 294 (1) (195 SE 326); *Hamilton & Co. v. Stewart*, 108 Ga. 472, 476 (34 SE 123); 13 ALR2d 736, 738-740.

3. "Ordinarily the plaintiff in his petition need not anticipate or negative a possible defense.   Where, however, such defense is anticipated, it must be effectively avoided, or the complaint

is bad." *Wright v. Pritchett,* 213 Ga. 865 (2) (102 SE2d 602); *Columbian Mut. Life Ins. Co. v. Carter,* 58 Ga. App. 150 (1) (197 SE 925); Leverett, Hall, Christopher, Georgia Procedure and Practice, 30, § 2-10. In this case the plaintiff has attempted in his petition to anticipate the defense of accord and satisfaction by alleging that while he had received a check from the defendant which had marked thereon the notation "final payment on building," he had never tendered said check for payment. The petition shows that the check was received by the plaintiff on January 14, 1961, and that the suit was filed on November 4, 1962. There are no allegations in the petition showing that the check had been returned to the defendant nor are any facts alleged to show a refusal by the plaintiff to accept the check as an accord and satisfaction, or that the period during which the check was retained was a reasonable time. Therefore, under the above authorities the complaint is bad in anticipating but failing to effectively avoid the defense of accord and satisfaction.

The trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*

DECIDED APRIL 16, 1963.

*E. L. Stephens, Jr.,* for plaintiff in error.
*Jones & Douglas, Paul J. Jones, Jr.,* contra.