40678. GIBSON et al. v. FILTER QUEEN COMPANY.

RUSSELL, Judge. 1. "It is erroneous for the court to direct a verdict in favor of a particular party or parties to the cause unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point, would sustain no other finding than the one so directed. *Norris v. Coffee,* 206

Ga. 759 (58 SE2d 812)." *Horn v. Preston,* 217 Ga. 165 (121 SE2d 775).

2. If a debtor remits a sum of money to his creditor, though less than the amount actually due, with the understanding, either express or implied, that it is in satisfaction of his creditor's claim, and the latter accepts and retains it, accord and satisfaction of the demand results therefrom, and the balance, insofar as our law is concerned, may not thereafter be recovered by the creditor in an action instituted for that purpose; and this is true under our law whether the creditor's claim or demand be liquidated or unliquidated, disputed or undisputed. *Rivers v. Cole Corp.,* 209 Ga. 406, 408 (73 SE2d 196). This is true whether the accord is executed by the payment of money, services, or property. *Burgamy v. Holton,* 165 Ga. 384 (2) (141 SE 42). While in *Burgamy* it is stated, p. 396: "Of course the return to the creditor of his own property would constitute no accord and satisfaction," this statement does not apply to a situation where the creditor retains a security title only, since the executed agreement of the purchaser to surrender the property before he is obliged to do so under foreclosure or other legal process is in itself a sufficient consideration for the rescission of the contract. *Mortgage Purchase &c. Co. v. Williamson,* 55 Ga. App. 92 (189 SE 293).

3. The defendant here purchased a vacuum cleaner from the plaintiff under a written conditional sale contract for a time price of $275.44 on which he made a down payment of $23.08. The contract was transferred to Union Discount Company with recourse. Within three or four days from the date of purchase the defendant, having received notice of the assignment from the discount company and over a month before the next payment was due, informed the manager that he did not want the vacuum cleaner, did not intend to pay for it, and wanted instructions on what to do. He then testified: "Mr. Bass told me to bring the vacuum cleaner and papers in and leave them, and that he would get his money back from Filter Queen Company." This the defendant testified he did. The evidence was contradicted, but if the jury believed the defendant they would have been authorized to find that the surrender of the property under these circumstances amounted to an accord and satisfaction between the purchaser and the then creditor, and it would become immaterial that the discount company thereafter returned the vacuum cleaner and

sale contract to the plaintiff and that the plaintiff thereafter attempted to redeliver the property to the defendant by leaving it on his doorstep. Since the plea of accord and satisfaction was supported by some evidence it was error for the trial court to direct a verdict in favor of the plaintiff.

Judgment reversed. *Nichols, P. J., and Hall, J., concur.*

DECIDED APRIL 30, 1964.

*Thad W. Gibson,* for plaintiffs in error.
*George R. Ellis,* contra.