40915.   THOMPSON v. HECHT.

DECIDED OCTOBER 20, 1964.

506

*M. L. Kahn,* for plaintiff in error.

*Siegel, Lewis & Williams, Sherwyn E. Syna,* contra.

FELTON, Chief Judge. "It is now the law of this State that if a debtor remits to the creditor a sum of money, less than the amount actually due, upon the condition, either express or implied, that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results, and this is true whether the demand be liquidated or unliquidated, disputed or undisputed." *Dixie Belle Mills v. Specialty Machine Co.,* 217 Ga. 104, 107 (120 SE2d 771) ; *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196), adopting the dissent in *Sylvania Electric Products v. Electrical Wholesalers,* 198 Ga. 870 (33 SE2d 5) ; *Motorola &c. Electronics v. South Ga. &c. Co.,* 104 Ga. App. 376 (1) (121 SE2d 672). "The reason of this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition." *Citizens &c. Bank v. Union Warehouse &c. Co.,* 157 Ga. 434, 453 (122 SE 327). This rule "applies with full force and effect, although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made, the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it, he accepts the condition also, notwithstanding any protest he may make to the contrary. . . The erasure or alteration of the condition expressed in a check by the creditor, without notice to *and assent by* the debtor, will not prevent its acceptance from constituting an accord and satisfaction, since, if the creditor were allowed to

accept it for a different purpose than that allowed, it would be to allow him to make a contract with defendants without their knowledge and consent." (Emphasis supplied.) *Ryan v. Progressive Retailer Publishing Co.*, 16 Ga. App. 83, 88, 89 (84 SE 834).

In this case the evidence shows that, although the defendant had notice of the plaintiff's alteration of the conditional indorsement, he did not assent to it; therefore, under the above authorities, the court was authorized to find that the presentment of the check for payment constituted an acceptance of the terms of the conditional indorsement. The effect of the indorsement was to cancel the lease as of the end of January, thereby relieving the defendant from liability for rent for the month of February —the last remaining month under the lease agreement. The conduct of the lessor in obliterating the indorsement and cashing the check had the legal effect of acceptance of the terms of the indorsement and amounted to an accord and satisfaction for the total amount of rent owing under the lease.

The Appellate Division of the Civil Court of Fulton County did not err in affirming the judgment of the trial court in favor of the defendant and its judgment overruling the motion for a new trial.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*