### 42872. FIDELITY & CASUALTY COMPANY OF NEW YORK v. C. E. B. M., LTD.

EBERHARDT, Judge. Where a check for less than the amount claimed by the payee and marked "in . full settlement" of a contract obligation was mailed December 29, received in due course and retained by the payee, who acknowledged receipt of the check January 28, but, calling attention to a dispute as to the amount due, informed the sender that the check would not be cashed, suggesting that another be issued in partial payment rather than full settlement, and without further communication about it still had the check in its file when it brought suit in November for the full amount claimed, retention of the check worked an accord and satisfaction. *Rivers v. Cole Corp.*, 209 Ga. 406 (73 SE2d 196); *Gibson v. Filter Queen Co.*, 109 Ga. App. 650 (136 SE2d 922). We hold this to be a retention for an unreasonable time as a matter of law. Conceding that the letter of January 28 was written within a reasonable time after receipt of the check and that if the check had been returned with the letter there would have been no accord and satisfaction, it cannot follow that there was none when the check was retained for an additional 10 months before filing suit and continues in the plaintiff's hands even now. *Hamilton & Co. v. Stewart*, 108 Ga. 472 (34 SE 123); *Baggett v. Chavous*, 107 Ga. App. 642 (131 SE2d 109); *Gay v. American Oil Co.*, 115 Ga. App. 18 (153 SE2d 612). And see Annotation on Settlement by Retention of Check in 13 ALR2d 736. If there was no intention to accept it, the check should have been returned with promptness. A suggestion that it was held for evidence cannot avail, for plaintiff could have photostated the check before returning it and, holding the copy in its file, have required production of the original at the trial; and if the defendant should destroy the original or for other reason fail to produce it, the copy would be available as secondary evidence.

The granting of defendant's motion for summary judgment was proper.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*

ARGUED JUNE 6, 1967—DECIDED JUNE 15, 1967—
REHEARING DENIED JUNE 28, 1967—

*Swift, Currie, McGhee & Hiers, Glover McGhee, Albert E. Phillips,* for appellant.

*Grizzard & Simons, Eugene R. Simons,* for appellee.