## 43016. HORNBUCKLE v. CONTINENTAL GIN COMPANY.

Eberhardt, Judge. Hornbuckle executed two promissory notes to Continental Gin in the aggregate principal amount of $6,308 for the purchase price of ginning equipment. On June 18, 1963, when called upon to pay the matured notes, Hornbuckle claimed that he was due an adjustment on a defective "burr machine" and offered two checks in the amount of $2,000 each, one dated of even date and the other postdated to September 15, 1963, in full settlement of the indebtedness. Both checks were imprinted with a standard conditional endorsement form stating that "by endorsement this check is accepted in full payment of the following account," and, in the blanks provided in the conditional en-

dorsement forms, the first check bore the words "on note account" and the second bore the words "balance note account in full" or "settlement of note account in full." The first check was deposited and paid and the second check was retained until September 15, 1963, when Continental Gin deposited it for payment after having first obliterated the condition without having communicated with Hornbuckle. Because of the alteration the second check was returned unpaid to Continental Gin, and one of its representatives called upon Hornbuckle on October 23, 1963. Hornbuckle then issued another check for $2,000 which, in the blank in the conditional endorsement, bore the words "settlement in full of note account." This check was delivered with the alternative of acceptance or filing suit on the notes, but the condition was again later struck out by Continental Gin after telephoning Hornbuckle of its intention to strike the provision, Hornbuckle making no reply save "Well, I guess that's it," and the check was deposited for payment in its altered condition. When this check was returned unpaid Continental Gin turned the matter over to its lawyer who made demand under the promissory notes and gave notice of intention to collect attorney's fees.

Upon receipt of the demand and notice Hornbuckle tendered the $2,000 to the lawyer, which was refused. Suit was then brought for the full amount of the notes less credit of $2,000 for the first check, which had been paid. Hornbuckle filed a plea of accord and satisfaction making a continuing tender of the $2,000, admitting a prima facie case and seeking to establish his defense. Verdict and judgment were for Continental Gin. Hornbuckle appeals, enumerating as error the denial of his motion for directed verdict and for judgment n.o.v. *Held:*

Whether an actual controversy existed between the parties or not, the conduct of Continental Gin in accepting and retaining the checks, obliterating the conditional endorsements thereon without the consent of Hornbuckle, and presenting them for payment had the legal effect of acceptance of the terms of the conditional endorsements and resulted in an accord as to the amount due under the notes (*Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196); *Dixie Belle Mills v. Specialty &c. Co.,* 217 Ga. 104, 106 (2) (120 SE2d 771); *Thompson v. Hecht,* 110 Ga. App. 505 (139 SE2d 126) and cases

cited; *Fidelity & Cas. Co. v. C. E. B. M., Ltd.*, 116 Ga. App. 92 (156 SE2d 467) and cases cited), which it appears Hornbuckle has tendered and must pay. If Continental Gin was unwilling to accept the conditions written on the two checks tendered as a series in settlement of the notes, it was its duty promptly to return them to Hornbuckle and bring suit on the notes instead of retaining the checks and unilaterally altering the last of them by striking the condition and trying to obtain payment thereon from the bank. Under no construction of the evidence can it be said that Hornbuckle consented to the alteration of the checks.

*Judgment reversed with direction that judgment be entered for plaintiff for $2,000. Felton, C. J., and Hall, J., concur.*

SUBMITTED SEPTEMBER 5, 1967—DECIDED SEPTEMBER 21, 1967— REHEARING DENIED OCTOBER 6, 1967—

*Maxwell A. Hines*, for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Meade Burns, Robert W. Beynart, Seymour S. Owens*, for appellee.