43750, 43751. HOLTON DODGE, INC. et al. v. BAIRD;
and vice versa.

PANNELL, Judge. The plaintiff, Robert Lester Baird, brought
an action against Holton Dodge, Inc., and Milton L. Curlin
seeking recovery of damages for certain injuries caused by
the alleged negligence of the defendants. The defendants de-
nied they were guilty of negligence and pleaded a written re-
lease which recited the claim of plaintiff and that liability was
denied by the defendants, and that it was in compromise and
settlement of any and all claims and released and discharged
the defendants in consideration of a payment of $1,084. The
release was signed by the plaintiff and in his own handwriting
recited that he had read the release. Both the plaintiff and
the defendants made motions for summary judgment. The
evidence presented on the motion for summary judgment
proved the execution of the release, the delivery of a draft to
the plaintiff, and the acceptance of the same by him in the
amount of $1,084, that upon arriving home the defendant dis-
covered the draft was smaller than he expected and con-
tended that the settlement agreed upon for his damages was
$10,084, (he also contended that he thought the draft was for
settlement of his wife's claim), that he attempted to return
the draft to the defendant's agent, but was unsuccessful in
doing so and subsequently his attorney mailed the draft to
the agent and that the draft has never been cashed. The
trial judge overruled both motions and the defendants ap-
pealed from said ruling and the plaintiff entered a cross ap-
peal, each enumerating as error the failure to sustain their
respective motions for summary judgment. *Held:*

1. " 'When a party makes an offer of a certain sum to settle a
claim, the amount of which is in bona fide dispute, with the
condition that the sum offered, if taken at all, must be re-
ceived in full satisfaction of the claim, and the party receives
the money, he takes it subject to the condition attached to it,
and it will operate as an accord and satisfaction.' *Riley v.
London Guaranty & Accident Co.*, 27 Ga. App. 686 (109 SE
676), and cit. The same ruling applies where the claimant,
instead of receiving money as a settlement of his claim, re-
ceives a check or draft from the other party in full settlement
of the claim. And this is so even though the claimant makes
no effort to, and does not, cash the check or draft, and subse-

quently tenders it back to the other party. This is true because the check or draft was necessarily accepted as cash by the claimant in full satisfaction of his claim. *Interstate Life & Accident Co. v. Wilson,* 52 Ga. App. 171 (183 SE 672); *Howard v. Ga. Home Ins. Co.,* 102 Ga. 137 (29 SE 143)." *Pan-American Life Ins. Co. v. Carter,* 57 Ga. App. 294 (1) (195 SE 326).

2. "Where, without the practice of any fraud upon her, a plaintiff accepts, in full satisfaction of her claim, a lesser amount than what she claims is due her, there is an accord and satisfaction, and she is not entitled to a recovery. *Interstate Life &c. Co. v. Wilson,* [52 Ga. App. 171], supra." *Pan-American Life Ins. Co. v. Carter,* 57 Ga. App. 294 (2), supra.

3. While, in the present case, there is a claim that the written agreement was less than the sum agreed upon, which might differentiate the present case from *Pan-American Life Ins Co. v. Carter,* supra, we do not think that such difference will require a different result as will be hereinafter shown.

While it has been held that a mistake as to the consideration or purchase price may be grounds for rescission, although the signed instrument and the draft given in payment show a different price, where immediately upon discovery that the draft is for a different amount, an offer to rescind is made (*Werner v. Rawson,* 89 Ga. 619 (15 SE 813)), yet where there is a dispute between the parties as to a subject matter involving the question of liability and the matter of damages and the claimant executes in writing a settlement agreement for a stated sum and receives and accepts at the signing a draft for said sum, he will not be permitted to contradict by parol in the absence of a showing of fraud. *Dyar v. Walton, Whann & Co.,* 79 Ga. 466, 469 (2, 3) (7 SE 220). "A settlement deliberately made, and closed up by solemn writings deliberately executed, is not a thing to be opened as matter of indulgence to gross negligence, though in consequence of such negligence one party obtained an advantage over the other." Id., p. 470. See also *Jossey v. Georgia Southern &c. R. Co.,* 109 Ga. 439 (34 SE 664), in which it was said "[t]he case of *Werner v. Rawson,* 89 Ga. 619, was decided upon its peculiar facts, and, even if the judgment therein rendered was correct, the doctrine there laid down should not be so extended as to control a case like the present. Section 3974 of the Civil Code [*Code* § 37-212], properly construed, does not entitle a

318

party to relief against the consequences of gross and inex-cusable negligence in signing his name to a plain and unambiguous written instrument, when no fraud, artifice or misrepresentation was employed to induce him to sign it, *and when there is nothing to show that it did not embody the identical agreement which the other party actually intended to make.*" (Emphasis supplied.)

4. Applying the foregoing ruling to the facts of the instant case, upon appeals from the overruling of the motions for summary judgment made by both plaintiff and defendants, the trial court erred in overruling the motion for summary judgment of the defendants and was correct in overruling the motion for summary judgment of the plaintiff.

*Judgment reversed in Case No. 43750, affirmed in Case No. 43751. Jordan, P. J., and Deen, J., concur.*

ARGUED JULY 3, 1968—DECIDED SEPTEMBER 4, 1968.

*Greene, Buckley, DeRieux, Moore & Jones, Ferdinand Buckley, Raymond H. Vizethann, Jr.,* for appellants.

*Neil L. Heimanson, Mitchell, McClelland & Jernigan, Freeman D. Mitchell, Paul A. Martin,* for appellee.

