45326.   PITMAN v. DIXIE ORNAMENTAL IRON COMPANY.

PANNELL, Judge. Dixie Ornamental Iron Company brought an action against Ike W. Pitman seeking recovery for $1,265.82 as an alleged balance due on an account. The account showed five charges, one of which was sales tax, making a total of $3,210.82 and showing two credits, one of $1,500, and one of $445, leaving a balance due of $1,265.82. The sales tax item was $93.33. The other four items were as follows: "200 ft. square picket rail with castings $1,495, 1 pair gates 21 ft. with

castings, $450, adding double pickets to fence, $847.50, adding double pickets to gate & castings $325."

On the trial of the case, a Mr. Hayes, who was president of the plaintiff company testified that he kept all the books and records of the plaintiff, that he was familiar with the account and that the copy of the statement of account attached to the pleadings (described above) was the only record made or kept, that the job was completed and the balance owed was $1,265.42 in one place in this testimony and $1,265 in another place and in another place $1,279 and in another place $1,265.82; that a statement of the account had been mailed to the defendant. Certain checks written by the defendant and payable to the plaintiff were exhibited to the witness, and he testified that all of these checks were endorsed and payment received thereon. These checks totaled the amount of credits shown on the statement attached to the petition. He was unable to say whether the check for $445 exhibited to him was any different from the original. Two of the workmen who put up the fence testified that during the construction and before the fence was completed, the smaller of the two dogs of the defendant got through the fence and that they added extra pickets to those sections already installed and to those subsequently installed. The defendant testified that through Mr. Hayes he had an oral contract with the plaintiff to put up an ornamental iron fence which would keep his two dogs in and that Mr. Hayes stated that he could erect such a fence for the price of $1,945. He also testified about the dogs getting through that portion of the fence already constructed and that this was reported to the workmen who saw the smaller dog go through, and extra pickets were added to the fence. The defendant further testified that he had torn up and put in the wastebasket the original checks showing payments, but testified that the photostatic copies which he got from the bank were the exact copies of the original checks, and sought to introduce the photostatic copies, as well as a photostatic copy of bank records showing his account, deposits and charges. The last of these checks had written across the face thereof "iron fence in full." The trial judge refused to admit them in evidence. Upon the trial of the case

before the trial judge without the intervention of a jury, judgment was rendered against the defendant for the principal sum of $1,265.62. He appealed, enumerating as error (a) the entry of judgment in favor of the plaintiff without sufficient evidence, (b) the exclusion from evidence of the photostatic copies of the checks and the bank statements, and (c) the overruling of defendant's counterclaim seeking expenses of litigation. *Held:*

1. The evidence did not authorize the judgment rendered. There is no evidence whatsoever to contradict the testimony of the defendant as to the contract agreed upon, and this being so, the extra charges shown on the account were not authorized, as these extra items were for adding additional pickets to the fence, which the uncontradicted evidence shows was done for the purpose of complying with the contract as was testified to by the defendant. See in this connection *Talerica v. Grove Park Plumbing Service,* 103 Ga. App. 591 (2) (120 SE2d 36).

2. (a) The trial court erred in refusing to admit in evidence the photostatic copies of the checks as the evidence is uncontradicted that the originals thereof had been torn up and thrown in the wastebasket and disposed of as trash. A copy thereof is admissible. *Code* § 38-702. That these copies were made from a negative film at a bank does not make the film the best evidence. The film is only a copy and it makes no difference how many copies of the original are made, any copy of the original identified as a correct copy, is admissible in evidence in lieu of the original. These certified copies were therefore admissible irrespective of whether a proper foundation had been laid for their admission under the Business Records Statute. As to these requirements, see *Smith v. Smith,* 224 Ga. 442 (1) (162 SE2d 379); Ga. L. 1950, pp. 73, 74 (*Code Ann.* § 38-710).

(b) The photostatic copies of the bank statements were not shown to be correct copies nor was the proper foundation laid for their admission as business records of the bank. The trial court, therefore, did not err in refusing to admit them in evidence.

3. There was no error in overruling the defendant's counterclaim for expenses of litigation and in refusing to admit evidence as to the expenses. *Code* § 20-1404. A defendant, as against a plaintiff, cannot avail himself of the provisions of *Code*

§ 20-1404 (*King v. Pate,* 215 Ga. 593 (3) (112 SE2d 589)), and damages for malicious use of process are only recoverable after the action has terminated in favor of the defendant. *Dugas v. Darden,* 65 Ga. App. 394 (15 SE2d 901); *Douglasville Loan Co. v. Bowen,* 219 Ga. 794 (136 SE2d 319).

*Judgment affirmed in part; reversed in part. Jordan, P. J., concurs. Eberhardt, J., concurs specially.*

ARGUED MAY 5, 1970—DECIDED SEPTEMBER 8, 1970.

*Frank M. Eldridge,* for appellant.

*Wendell C. Lindsey,* for appellee.

EBERHARDT, Judge, concurring. The notation on the check last delivered that it was for the "iron fence in full" worked an accord and satisfaction under *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196); *Dixie Belle Mills v. Specialty Machine Co.,* 217 Ga. 104, 107 (120 SE2d 771); *Gibson v. Filter Queen Co.,* 109 Ga. App. 650 (2) (136 SE2d 922); *Fidelity & Cas. Co. of N. Y. v. C. E. B. M., Ltd.,* 116 Ga. App. 92 (156 SE2d 467); and *Hornbuckle v. Continental Gin Co.,* 116 Ga. App. 449 (157 SE2d 829). Cf. *Thompson v. Hecht,* 110 Ga. App. 505 (139 SE2d 126).