47019. STUDSTILL v. AMERICAN OIL COMPANY.

Submitted March 9, 1972—Decided June 21, 1972—
Rehearing denied July 19, 1972—

724

*Rembert C. Cravey,* for appellant.

*Smith & Harrington, Will Ed Smith,* for appellee.

DEEN, Judge. Checks are payable on demand (*Code Ann.* § 109A-3—104 (2) (b) within a reasonable time after issuance and, when not certified, 30 days is to be considered a reasonable time in which to present for payment (*Code Ann* § 109A-3—503 (2) (a)). "Bank checks. . . are not payment until themselves paid." *Code* § 20-1004. " 'An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another

debtor, or some other new consideration', . . . and, in the absence of an agreement to the contrary, a bank check thus tendered as in full payment is not such until it is itself paid" (*Colfax Gin Co. v. Buckeye Cotton Oil Co.,* 24 Ga. App. 610 (2) (101 SE 697)) or unless the check is itself accepted as payment. *Interstate Life &c. Co. v. Wilson,* 52 Ga. App. 171 (2) (183 SE 672).

While it is clear that an executed accord and satisfaction, by accepting money or cashing a check given in full settlement for less than the amount of the demand, is in bar of an action to collect any excess (*Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196)) and while retaining a check for an unreasonable length of time may lead to the legal conclusion that it has in fact been accepted as payment (cases to which effect are discussed below) nevertheless, "an agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction, *unless it be actually executed by the payment of money* . . . or some other new consideration." *Code* § 20-1204. (Emphasis supplied.)

It follows that if it is intended to accept a check as payment of a demand, that check should be promptly presented for payment, usually within a 30-day period. Where, in the absence of circumstances suggesting a contrary state of facts, the check, although not cashed, is kept for a period greatly in excess of this time, such retention may of itself cause the debtor to rely on the theory that his offer (accord) has been accepted (satisfaction), in which case the creditor no longer has a right of action for the excess. That, however, is not the situation here. It was perfectly clear to both parties as long as six months after the initial action of the company in forwarding the check that the plaintiff had not and would not accept it if it was to be construed as an accord and satisfaction. This is shown by the letter of October 12 which commences: "I must assume that your client, Mr. Jack Studstill, Jr., has chosen not to accept our offer, as Mr. Studstill has not negotiated our draft." By that time the check was already stale, since a bank is under no obli-

gation to a customer to pay a check, other than a certified check, which is presented more than six months after its date. *Code Ann.* § 109A-4—404. Nor was it in the plaintiff's possession when the summary judgment order was entered. Where both parties recognize that there has been no agreement in existence at or very close to a time when there is no obligation on the drawee to honor the instrument even if it should be presented, there has obviously been no meeting of the minds on the compromise settlement. "It is only when there is a dispute as to the amount due, and one party tenders and the other accepts a check reciting that it is in payment in full of a demand, *and the check is subsequently paid,* that the reception and retention of a check can be set up as an accord and satisfaction." *Meeks v. Moulton,* 46 Ga. App. 35 (2) (166 SE 445). (Emphasis supplied.) "A defense by one sued for a trespass, that he gave his promissory notes in settlement of the claim for damages is not sufficient to prevent the plaintiff from recovering upon the original cause of action, unless it is shown that the notes have been paid or that there was an express agreement between the parties that the notes should be received by the plaintiff as payment of his claim for damages." *Brantley Co. v. Lee,* 109 Ga. 478 (34 SE 574). Here there is no showing that the plaintiff ever expressly agreed to receive the check as payment; in fact, the contrary is established beyond dispute.

The cases cited by the appellee do not require a contrary ruling. In *Hamilton & Co. v. Stewart,* 108 Ga. 472 (34 SE 123) a check to cover balance of payment was in fact cashed. In *Plowden v. Hall,* 55 Ga. App. 321 (190 SE 37) the landlord accepted and held the tenant's check for the very period in which he was attempting to evict him for nonpayment of rent; there being no showing that the check was void, it was held that the undisputed facts showed the tenant was not in arrears for the period on which the eviction proceeding was based. The rule is stated in *Pan-American Life Ins. Co. v. Carter,* 57 Ga. App. 294 (195 SE 326) that it matters not whether the tender be of cash or a

check; *if the check is accepted in full settlement* an accord and satisfaction will result. Here the evidence is clear that the plaintiff never at any time considered accepting $10,000 in full settlement of his individual damage. *Gay v. American Oil Co.*, 115 Ga. App. 18 (153 SE2d 612) is also a case involving an attempted lease forfeiture where the landlord retained a rent check, and follows *Pan-American Life Ins. Co. v. Carter*, supra, merely holding that retention of the check amounted to a waiver of the forfeiture. In *Holton Dodge, Inc. v. Baird*, 118 Ga. App. 316 (163 SE2d 346) the plaintiff did in fact execute a written settlement and accept a draft in payment thereof, and the case holds that after these acts she cannot rescind the settlement in the absence of fraud practiced upon her. *Baggett v. Chavous*, 107 Ga. App. 642 (131 SE2d 109) holds that retention of a check for an unreasonable time without cashing *and without indicating a refusal to accept it as an accord and satisfaction* will constitute an acceptance. In *Gibson v. Filter Queen Co.*, 109 Ga. App. 650 (136 SE2d 922) an accord and satisfaction was accomplished where an agreement between the vendee and vendor to rescind the contract was executed by the vendee returning the property to the vendor.

Mere retention of a stale check, where the evidence demands a finding that there was knowledge on the part of the debtor at the time that the creditor refused to accept it in full satisfaction of the unliquidated liability, and where the check was never cashed and was, at the time of the summary judgment order, in the hands of the maker, will not support a judgment of accord and satisfaction. Anything to the contrary in *Fidelity & Cas. Co. v. C. E. B. M., Ltd.*, 116 Ga. App. 92 (156 SE2d 467), must yield to the statute law and older precedents hereinabove cited.

The trial court erred in granting the summary judgment.

*Judgment reversed. Pannell and Stolz, JJ., concur. Hall, P. J., and Evans, J., concur in the judgment only. Bell, C. J., Eberhardt, P. J., Quillian and Clark, JJ., dissent.*

HALL, Presiding Judge, concurring dubitante. As to the confusion of the Georgia law on this point see 1 CJS 536,

537, Accord and Satisfaction, § 34 and footnote 55; 13 ALR2d 738; 1 AmJur2d 321-322, Accord and Satisfaction, § 23; *Hamilton & Co. v. Stewart,* 105 Ga. 300 (31 SE 184); *Hamilton & Co. v. Stewart,* 108 Ga. 472 (34 SE 123); *Jenkins v. National Mut. Bldg. &c. Assn.,* 111 Ga. 732 (36 SE 945); *Colfax Gin Co. v. Buckeye Cotton Oil Co.,* 24 Ga. App. 610 (2) (101 SE 697); *Baggett v. Chavous,* 107 Ga. App. 642 (131 SE2d 109); *Fidelity & Cas. Co. v. C. E. B. M., Ltd.,* 116 Ga. App. 92 (156 SE2d 467).

The law will become clarified only after there has been a definitive opinion by our highest court. My hope is that certiorari will be sought and granted.

The case now stands with four judges voting to affirm and four judges voting to reverse the judgment of the trial court. Since I must go one way or the other, I vote to concur dubitante in the judgment of reversal.

EBERHARDT, Presiding Judge, dissenting. The uncontradicted evidence discloses that the draft, tendered as a fair and equitable settlement, was retained in the hands of the plaintiff or his attorney from April 27, 1970 until July 19, 1971—a period of a year and three months, and that from August 25, 1970, it was kept for a period of more than eleven months, despite repeated requests for its negotiation or return.

When a check or draft is tendered in settlement of a disputed claim it is the duty of the party receiving it to proceed with promptness to negotiate it or return it, and if he does neither an accord and satisfaction results. *Hamilton & Co. v. Stewart,* 108 Ga. 472, 476 (34 SE 123); *Plowden v. Hall,* 55 Ga. App. 321 (1) (190 SE 37); *Pan American Life Ins. Co. v. Carter,* 57 Ga. App. 294 (1) (195 SE 326); *Gay v. American Oil Co.,* 115 Ga. App. 18, 21 (153 SE2d 612); *Fidelity & Cas. Co. v. C. E. B. M., Ltd.,* 116 Ga. App. 92 (156 SE2d 467); *Holton Dodge, Inc. v. Baird,* 118 Ga. App. 316 (163 SE2d 346).

There can be no doubt that the draft was tendered to Mr. Studstill in settlement of his claim for injury and damage. Both the draft notation and the letter enclosing it so indi-

cate. Moreover from August 25, 1970, until suit was filed April 22, 1971, Aetna repeatedly so informed Mr. Studstill or his attorney, and requested that it be negotiated or returned.

The rule is expressed in *Fidelity & Cas. Co. v. C. E. B. M., Ltd.,* 116 Ga. App. 92, supra, which very soundly rests upon the decision of the Supreme Court in *Hamilton & Co. v. Stewart,* 108 Ga. 472, supra. The retention of the draft here was, as a matter of law, for an unreasonable time, and an accord and satisfaction had occurred before the suit was filed.

A contention that the draft had become stale before the suit was filed and that thus the bank would have been authorized under *Code Ann.* § 109A-3—503 (2) (a) to dishonor and return it, does not require a different conclusion. It should have been used or returned before staleness occurred. Who brought about the staleness of the demand? If the draft had become stale because the issuer had stopped payment on it, we should have a very different situation. But it does not lie in the mouth of the payee to assert that as a defense against the plea when that situation results from his retention of the draft in the face of requests from the issuer that he proceed to negotiate it or return it. Cf. *Sims v. Bolton,* 138 Ga. 73 (74 SE 770). Moreover, it appears that up to, and even past the time when suit was filed, Aetna was asking that the draft be *negotiated* or returned, which carries with it an assurance that if negotiated the draft would be paid, whether stale or not. Even if the bank were not bound to honor it, nevertheless the maker was bound to pay it. *Haynes v. Wesley,* 112 Ga. 668 (37 SE 990, 81 ASR 72); *Byrd Printing Co. v. Whitaker Paper Co.,* 135 Ga. 865 (1) (70 SE 798, AC 1912A 182); *Mason v. Blayton,* 119 Ga. App. 203 (166 SE2d 601).

Nor does the principle that a bank check or draft is not payment until it is itself paid, found in *Code* § 20-1004, require a different result. "The same ruling [that an accord and satisfaction has resulted] applies where the claimant, instead of receiving money as a settlement of his claim,

receives a check or draft from the other party in full settlement of the claim. And this is so even though the claimant makes no effort to, and does not, cash the check or draft, and subsequently tenders it back to the other party." *Pan-American Life Ins. Co. v. Carter,* 57 Ga. App. 294, supra.

See also *Redmond & Co. v. Atlanta & Birmingham Air-Line R.,* 129 Ga. 133 (58 SE 874); *Jenkins v. National Mut. Bldg. &c. Assn.,* 111 Ga. 732 (36 SE 945); *Thompson v. Hecht,* 110 Ga. App. 505 (139 SE2d 126); *Bass Dry Goods Co. v. Roberts Coal Co.,* 4 Ga. App. 520 (61 SE 1134).

The plea here is one of accord and satisfaction, not one of payment. There is a difference. While payment may very well work an accord and satisfaction, it does not follow that a compromise agreement, while working an accord and satisfaction, amounts to payment. The sending of the draft in settlement of the claim was an offer of compromise and settlement of a disputed and unliquidated claim, and Mr. Studstill's receipt and retention of it, despite requests that he negotiate it or return it, estops him from setting up a denial of his acceptance of the offer. "In such cases, if the debtor tenders the sum as to which he is willing to concede a liability, on condition that it is to be accepted in full settlement, the creditor must decline the tender and not retain and use the money, check, or other thing of value offered in full settlement," and this is true "notwithstanding he protests, at the time, that the remainder of his claim is still due and owing." *Bass Dry Goods Co. v. Roberts Coal Co.,* 4 Ga. App. 520, supra. "Nothing could be clearer than the proposition that where one person delivers to another property, to be retained upon a condition stated, the party receiving it can not retain the property and repudiate the condition." *Hamilton & Co. v. Stewart,* 105 Ga. 300, 302 (31 SE 184). Accord: *Burgamy v. Holton,* 165 Ga. 384, 396 (141 SE 42); *Wilcox, Ives & Co. v. Rogers,* 13 Ga. App. 410 (79 SE 219); *Ryan v. Progressive Retailer Pub. Co.,* 16 Ga. App. 83 (84 SE 834); *Hornbuckle v. Continental Gin Co.,* 116 Ga. App. 449 (157 SE2d 829); *Fidelity & Cas. Co. v. C. E. B. M., Ltd.,* 116 Ga. App. 92, supra. The majority simply

ignores the condition upon which the check or draft was delivered, and the result flowing from an acceptance and retention of the instrument for an unreasonable length of time, the condition having never been withdrawn.

Defendant's motion for summary judgment was properly sustained.

I am authorized to state that Chief Judge Bell and Judges Quillian and Clark join in this dissent.