**VINTAGE ENTERPRISES, INC.**

v.

**GUERDON INDUSTRIES, INC.**

Civ. A. No. 17188.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 9, 1973.

Alston, Miller & Gaines, Atlanta, Ga., for plaintiff.

Johnson, Harper, Daniel, Ward & Stanfield, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

The dispute between the parties in this case concerns bonus incentive payments (sometimes referred to as rebates) allegedly owed by defendant to plaintiff on account of mobile homes purchased by plaintiff, as a retailer of mobile homes, from defendant, as a manufacturer of mobile homes. The plaintiff contends that defendant did not pay bonuses for certain units purchased during the years of 1970, 1971 and 1972. Defendant insists that the purchases in issue were not eligible for the bonus incentive because payments on the units were not "timely" made by plaintiff in accordance with the agreements between the parties. The case is before the court at this time on the defendant's motion for summary judgment.

The defendant contends, on the basis of certain letters and checks which passed between the parties during the years of 1970, 1971 and 1972, that an accord and satisfaction was reached as to all claims of plaintiff for bonus payments. Accordingly, the defendant states that it is entitled to summary judgment as a matter of law.

■ Georgia Code Ann. § 20–1204 states in pertinent part:

> An agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money . . . .

All discussion of § 20–1204 and the defense of accord and satisfaction in Georgia should begin with the decision of Georgia's Supreme Court in Rivers v. Cole Corp., 209 Ga. 406, 73 S.E.2d 196 (1952), where the court adopted the dissenting opinion in Sylvania Electric Products v. Electrical Wholesalers, 198 Ga. 870, 33 S.E.2d 5 (1945), holding

. . . if a creditor remits a sum of money to his debtor, though less than the amount actually due, with the understanding, either express or implied, that it is in satisfaction of his debtor's claim, and the latter accepts and retains it, accord and satisfaction of the demand results therefrom, and the balance, insofar as our law is concerned, may not thereafter be recovered by the creditor in an action instituted for that purpose (citations omitted); and this is true under our law whether the debtor's claim or demand be liquidated or unliquidated, disputed or undisputed. *Id.* 209 Ga. at 408, 73 S.E.2d at 197.

Thus, as distinguished from many other jurisdictions, Georgia law does not require the parties to an account to relinquish their respective claims as to the actual amount of the debt as consideration for an accord and satisfaction. However, it is clear from *Rivers, supra,* that an accord and satisfaction will only be found where the creditor accepts a payment with the express or implied understanding that the account is thereby finally settled.

Here, the defendant, on July 14, 1971, paid plaintiff the sum of $23,526.12 by check with a cover letter identifying the payment as "the balance of . . . [plaintiff's] . . . bonus for year 1970." The check was accepted and subsequently cashed by plaintiff. On May 27, 1972, defendant paid plaintiff the sum of $43,260.19 by check with a cover letter stating "We are enclosing your final bonus check for . . . [defendant's] . . . bonus program for 1971." On the accompanying check was noted "1971 Bonus Contest $138,289.35" and a previous payment of $95,029.16 was shown, leaving a remaining balance of $43,260.19, the amount paid. The check was accepted and subsequently cashed by plaintiff. On April 15, 1973, defendant paid plaintiff an amount in excess of $22,000 by check, noting in an accompanying letter, "Enclosed you will find your 1972 bonus check." This check too was accepted and cashed. The defendant contends that the plaintiff's

acceptance of the letters and the accompanying checks amounted to an accord and satisfaction between the parties of the three accounts involved. The defendant does not, however, allege or even suggest that the plaintiff accepted the checks with the understanding "either express or implied" that it did so as a final satisfaction of the defendant's debts. The fact that defendant labeled the checks as "final" or as representing the "balance" or as simply "the" check for a particular year does not operate, when coupled with the plaintiff's acceptance of the checks, to create an understanding by the plaintiff that the debts were satisfied and that if in fact the accounts involved a sum greater than the amount represented by the checks the plaintiff was barred from seeking to collect the balance. At most, the checks and the letters indicate an expression by the defendant that the accounts were paid in full. They do not indicate an intention on the part of the defendant that the plaintiff must accept the checks at the peril of foreclosing any debate over the amount which might actually be due on the accounts. To satisfy the *Rivers* case, *supra,* this is the understanding which the parties must have reached before the debtor may be allowed to assert the defense of accord and satisfaction.

In the *Rivers* decision the Supreme Court of Georgia simply announced that in the future it would follow the statement of accord and satisfaction set forth by Justice Duckworth in his dissent in Sylvania Electric Products, Inc. v. Electrical Wholesalers, Inc., *supra,* 198 Ga. at 876–883, 33 S.E.2d at 9–13. In *Sylvania* the plaintiff brought suit to collect what it alleged the defendant owed on an account. The defendant maintained that an accord and satisfaction had been reached since the plaintiff accepted an amount which the defendant had insisted represented the total sum owing. Along with the payment the defendant gave the plaintiff an itemized statement of the various items on the account. The defendant also pointed out the one item over which the parties were not in agreement and added a note of re-

gret that " 'we could not see the matter from the same angle.' " *Id.* at 872, 33 S.E.2d at 7. The plaintiff had previously informed the defendant that unless the account, including the disputed item, was paid in full, a lawsuit would result. The plaintiff kept the defendant's tender and later filed suit for the balance. The court held that there had been no accord and satisfaction since there was no bona fide dispute between the parties as to the correctness of the amount of the debt. In dissent, Justice Duckworth pointed out that the rule relied upon by the majority, although followed in most other jurisdictions, was not the law in Georgia. Duckworth demonstrated that prior Georgia decisions had established that the existence of a bona fide dispute as to the correct amount of a debt was unnecessary for the parties to the debt to reach an accord and satisfaction. Since these older decisions had never been overturned, Duckworth maintained that the *Sylvania* majority was bound to follow them. Duckworth then went on to submit that

> If the acceptance of the tender, made on the condition that it settles the entire claim, constitutes an accord and satisfaction without regard to whether or not there exists a dispute, then the creditor is left absolutely free to exercise his own judgment with his eyes open as to the result of his action in accepting or rejecting such conditional tender. If he accepts, he knows that his claim is settled. If he is unwilling to thus settle it, he is free to reject it and thereby avoid an incumbrance, when he undertakes to collect his claim, by the record of such payment. It is the judgment of the parties, and they should not ask a court to reverse it and give them more than they gave themselves. *Id.* at 883, 33 S.E.2d at 12.

Thus Justice Duckworth would have ruled that the facts in *Sylvania* warranted the conclusion that an accord and satisfaction had been reached since the plaintiff kept the defendant's tender with a full appreciation of the amount owing and the stated intention of the defendant that it would not make any further payment.

■ On occasion, the Georgia courts have observed that the requirements for an accord and satisfaction, as set forth by Justice Duckworth in *Sylvania, supra,* and as adopted by the full court in *Rivers, supra,* are met where the creditor accepts and cashes a check labeled "account paid in full" or with words of similar import. *See, e. g.,* Weekes v. Fuller, 218 Ga. 515, 128 S.E.2d 715 (1962); Dixie Belle Mills, Inc. v. Specialty Machine Co., 217 Ga. 104, 120 S. E.2d 771 (1961); Catalina, Inc. v. Woodward, 124 Ga.App. 26, 182 S.E.2d 921 (Div. No. 2 1971) (held: where creditor received check and letter stating "in final settlement of your account", an accord and satisfaction was reached); Young v. Proctor, 119 Ga.App. 165, 166 S.E.2d 428 (Div. No. 3 1969). However, these cases, with the exception of the rather cryptic Catalina, Inc. v. Woodward, *supra,* in which none of the facts were reported, do not stand for the proposition suggested by defendant that the mere labeling of a payment as "final" closes an account. A review of the decisions in which accord and satisfaction was in issue and the facts were discussed at any length reveals that the tender must be offered and accepted on condition that it is in full settlement of the outstanding debt. *See* Mason Gin & Fertilizer Co. v. Piedmont Acid Delinting, Inc., 126 Ga.App. 298, 190 S.E.2d 604 (Div. No. 3 1972); Gulf States Construction, Inc. v. Superior Rigging & Erecting Co., 125 Ga.App. 187, 186 S.E. 2d 588 (Div. No. 1 1971); Hornbuckle v. Continental Gin Co., 116 Ga.App. 449, 157 S.E.2d 829 (Div. No. 1 1967); Moody v. Tiner, 103 Ga.App. 187, 118 S. E.2d 595 (Div. No. 2 1961); Oglethorpe Park, Inc. v. Savannah, 101 Ga.App. 295, 113 S.E.2d 645 (Div. No. 1 1960); *cf.* Marsh v. State Highway Dept., 216 Ga. 54, 114 S.E.2d 411 (1960); American Associated Companies, Inc. v. Vaughan, 213 Ga. 119, 97 S.E.2d 144 (1957); Studstill v. American Oil Co., 126 Ga. App. 722, 191 S.E.2d 538 (Div. No. 1–3 1972); Borden, Inc. v. Barker, 124 Ga.

App. 291, 183 S.E.2d 597 (Div. No. 2 1971). There is nothing in any of these cases, Duckworth's *Sylvania* dissent, or the *Rivers* adoption of that opinion as the correct state of the law which suggests that the parties to a debt reach an accord and satisfaction when the creditor party accepts a payment labeled "final" and there is no showing that that party expressly or impliedly understood that the tender was conditioned on its acceptance as "final".

■ Accordingly, the defendant's motion must fail. Most significantly the defendant's correspondence fails to express an intention that the payments were tendered on the express condition that their acceptance would terminate the debt. The defendant, of course, is still free to demonstrate during the trial of this case that the plaintiff should have understood that the payments were so tendered. The court today merely decides that there still remains an issue of fact on the question of accord and satisfaction.

For the foregoing reasons, defendant's motion for summary judgment is denied.